Dear Mr. Billings:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. Your request pertains to sales and use tax refunds provided for under the Louisiana Enterprise Zone Act (LEZA). Specifically, you ask whether it is proper to rebate the portion of the sales and use tax that is allocable to the Rapides Parish School Board.
You have indicated the following tax proposition was presented to and approved by the voters of Rapides Parish:
 PROPOSITION
Shall the Parish of the Rapides, State of Louisiana (the "Parish"), (under the authority of R.S. 33:2721 to R.S. 33:2734, inclusive), be authorized to levy and collect within said Parish a tax of one per cent (1%) upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of services, as presently defined in R.S. 47:301
to 47:317, inclusive, with the avails or proceeds of said tax (after paying reasonable and necessary costs and expenses of collecting and administering the tax) to be allocated and divided between the Parish of Rapides, the Parish School Board of the Parish of Rapides, and incorporated municipalities in the Parish of Rapides on a percentage basis as follows:
 (i) 9% to the Police Jury of the Parish of Rapides as the governing authority of the Parish
 (ii) 50% to the Parish School Board of the Parish of Rapides
 (iii) 33% to the City of Alexandria
 (iv) 5% to the City of Pineville *Page 2 
 (v) .5520% to the Town of Boyce
 (vi) .5232% to the Town of Cheneyville
 (vii) .7302% to the Town of Glenmora
 (viii) .7497% to the Town of Lecompte
 (ix) .1311% to the Village of McNary
 (x) 1524% to the Village of Forest Hill
 (xi) 1614% to the Village of Woodworth
and shall the aforesaid political subdivisions dedicate and use the avails or proceeds of their respective allocations of the said tax for the purposes hereinafter set forth:
 (a) In the case of the Parish, for the purpose of constructing and maintaining public roads, highways and bridges and other capital improvements, paying salaries of Parish employees, and for any other lawful corporate purposes; with such tax proceeds to be subject to funding into bonds in the manner provided by R.S. 33:2721 to R.S. 33:2734, inclusive, for the purpose of paying all or any part of the cost of one or more capital improvements;
 (b) In the case of the Parish School Board, for the purpose of supplementing other revenues available to the School Board for the payment of salaries of teachers and other personnel employed by the School Board;
 (c) In the case of the incorporated municipalities (other than the City of Alexandria), for any lawful corporate purpose (including capital improvements), with the proceeds to be subject to funding into bonds in the manner provided by the laws of the State of Louisiana, for the purpose of paying all or any part of the cost of one or more capital improvements; provided; however, that any such bonds must be approved by the electors of the issuing municipality at an election held in such municipality in accordance with the provisions of R.S. 33:2721 to R.S. 33:2734, inclusive; *Page 3 
 (d) In the case of the City of Alexandria, for the purpose of paying general operating expenses of the City and paying salaries of City employees.
In Attorney General Opinion No. 07-0284, we were asked to consider the sales and use tax rebates allowed under LEZA. Particularly, we were asked whether LEZA prohibits the rebate of local sales and use taxes that have been dedicated. We ultimately opined that local sales and use taxes which have been dedicated to a particular use or purpose in the tax proposition imposing such taxes cannot be rebated under the provisions of LEZA. However, the statute that provides for the rebates, La.R.S. 51:1787, was recently amended. The amendment, in part, added La.R.S.51:1787(A)(1)(a)(iii), which provides that:
 Sales and use taxes imposed by a political subdivision which are dedicated to the repayment of bond indebtedness or dedicated to schools shall not be eligible for rebate. All other state and local sales and use taxes shall be eligible for rebate.
The above stated proposition sets forth the use of the proceeds of the tax and dedicates the proceeds to be used for such purpose. Rapides Parish School Board's portion of the tax is dedicated "for the purpose of supplementing other revenues available to the School Board for the payment of salaries of teachers and other personnel employed by the School Board." As such, it is the opinion of this office that those proceeds are "dedicated to schools" under La.R.S. 51:1787(A)(1)(a)(iii) and thus ineligible for rebate.
We also note that if the proceeds allocated to the Parish of Rapides and the incorporated municipalities named in the proposition, other than the City of Alexandria, are considered "dedicated to the repayment of bond indebtedness" under La.R.S. 51:1787(A)(1)(a)(iii), they would be ineligible for rebate as well.
Additionally, La.R.S. 51:1787(A)(1)(a)(1) provides for "the rebate of sales and use tax imposed by the state and imposed by its political subdivisions upon approval of the governing authority of the appropriatemunicipality or the appropriate parish where applicable, or both, and ofthe governing authority of any other political subdivision."
In Atty. Gen. Op. No. 93-89, this office opined that an endorsement resolution from one governing authority would not operate to afford tax rebates from another authority. We stated that it would be necessary for the other authority to evidence their own approval through a separate resolution or other formal acknowledgment document in order for the tax rebates to be applicable to them. Thus, even assuming their tax proceeds were eligible for rebate, it would be necessary for an entity named in the proposition to first evidence their own approval through a separate resolution or other formal acknowledgment document in order for the tax rebates to be applicable to them. *Page 4 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 BY: __________________________ BENJAMIN A. HUXEN II Assistant Attorney General
 JDC/BAHII:crt